**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA**

| In re: | Chapter 15 |
|---|---|
| Kiener Maschinenbau GmbH | Case No. 24-56470 |
| **Debtor in a Foreign Proceeding.** | |

**NOTICE OF FILING OF
(I) ORDER APPOINTING PERMANENT ADMINISTRATOR, (II)
DECLARATION OF PATRICK WAHREN IN SUPPORT OF THE
DEBTOR'S CHAPTER 15 PETITION AND FIRST-DAY PLEADINGS IN
FOREIGN PROCEEDING, AND (III) DECLARATION OF FOREIGN
EXPERT**

COMES NOW, Patrick Wahren in his capacity as the German Court-appointed and authorized foreign representative for the administration of the insolvency estate of Kiener Maschinenbau GmbH (the "Kiener Foreign Representative") for the above-captioned debtor (collectively, the "Debtor") which is the subject of a insolvency proceeding pending before the Local Court (*Amtsgericht*) – Insolvency Court (*Insolvenzgericht*) – of Aalen, Federal Republic of Germany (the "German Court") under case number 3 IN 219/23  (the "Kiener Insolvency Proceeding") and hereby files this (i) *Order appointing Patrick Wahren, permanent administrator, for the administration of the insolvency estate of Kiener* attached hereto as **Exhibit "A"** in both German and English, (ii) *Declaration of Patrick Wahren in Support of the Kiener Chapter 15 Petition and First Day*

*Pleadings in Foreign Proceeding* attached hereto as **Exhibit "B"**, and (iii)

*Declaration of Foreign Expert* [Dr. H. Philipp Esser] *in Support of the Debtor's*

*Chapter 15 Petition and First-Day Pleadings in Foreign Proceeding* attached hereto

as **Exhibit "C"**.


Dated: June 21, 2024

JONES & WALDEN LLC

*/s/ Cameron M. McCord*
Cameron M. McCord
Georgia Bar No. 143065
Adam Ekbom
Georgia Bar No. 919724
Attorneys for Debtors
699 Piedmont Ave NE
Atlanta, Georgia 30308
(678) 701-9235
cmccord@joneswalden.com
aekbom@joneswalden.com
*Counsel for Debtors and
Foreign Representatives*

# EXHIBIT A

***Order Appointing Patrick Wahren, Permanent Administrator, for the
Administration of the Insolvency Estate of Kiener***

Copy

Ref. no.
3 IN 219/23



## Aalen Local Court

INSOLVENCY COURT

# Order

In the insolvency proceedings regarding the assets of

Kiener Maschinenbau GmbH, Anton-Grimmer-Strasse 2, 73466 Lauchheim, as represented by its
executive directors Jürgen Kiener, Stefan Kiener and Waldemar Kiener jun.
Court of registration: Ulm Local Court – Registration Court – Register no. HRB 510071
– the debtor –

Legal representatives
Attorneys at law Grub Brugger & Partner, attorney at law Dr. Thilo Schultze, Reinsburgstrasse
27, 70178 Stuttgart

Aalen Local Court has ordered as follows on 1 August 2023.

1. Insolvency proceedings are hereby commenced regarding the assets of the debtor by
   reason of illiquidity  at 8 a.m. on 1 August 2023.

2. The following person is appointed to be the insolvency administrator:

   **CPA Patrick Wahren**
   **Bahnhofstrasse 41, 89231 Neu-Ulm**
   **Tel.: 0731 97018-0**
   **Fax: 0731 97018-650**
   **E-mail: neu-ulm@schneidergeiwitz.de**

3. The insolvency creditors are requested to notify the insolvency administrator of any claims
   (Section 38 of the Insolvency Code [InsO]) in writing by **4 September 2023**.

   The amount of a given claim and the reason for it must be stated in any such notification.

3 IN 219/23

The table listing the claims and the notification documents are to be deposited at the office of the insolvency court by 11 September 2023 at the latest for inspection by the parties involved.

4.  The reporting date, i.e. the date for the passing of a resolution at the creditors' assembly as to the possible election of another insolvency administrator, as to the continuance of a committee of creditors and as to the matters described in Sections 66 (presentation of accounts by the insolvency administrator), 100 f. (maintenance payments out of the insolvency estate), 149 (investments of valuables), 157 (closure or continuation of an enterprise, commissioning of the insolvency administrator with the drawing up of an insolvency plan, specification of the aims of the plan), 160 (consent to legal acts of particular importance of the insolvency administrator, especially if there is an intention to sell an enterprise or factory, the entire stock, real property by private sale, a holding of the debtor in another enterprise such as is intended to create a permanent affiliation to said enterprise or an entitlement to receive recurring earnings; if a loan is to be taken up such as would place a considerable burden on the insolvency estate, or if a legal dispute with a considerable value in dispute is instituted or commenced, if the bringing of such action is refused or if there is a move to negotiate a compromise or conclude an arbitration agreement in order to settle or avoid any such action), 162 (disposal of business operations to parties with a special interest), 163 (disposal of business operations below value), 233 (consent to continuation of realisation and distribution under the insolvency plan), and 271 (application for self-administration) of the InsO is hereby set for

**Monday, 25 September 2023, 9 a.m.**

**Courtroom 0.09, ground floor, Stuttgarter Strasse 9, 73430 Aalen**

N. B.
Consent to the performance of a legal act of particular importance as per Section 160 of the InsO shall be deemed to have been given if there is no quorum at the duly convoked creditors' assembly.

5.  The date for examination is set for:

**Monday, 25 September 2023, 9 a.m.**

**Courtroom 0.09, ground floor, Stuttgarter Strasse 9, 73430 Aalen**

N. B.
Creditors whose claims have been established will not receive notification.

3 IN 219/23

6.  The insolvency administrator is to be informed without delay of any security interests relating to movable objects or rights (Section 28 [2] of the InsO).

The object in respect of which the security interest is being claimed, its nature and the reason for it, and the secured claim must all be described. Anyone failing to provide such information or culpably delaying its provision shall be liable for any loss or damage resulting therefrom (Section 28 [2] of the InsO).

7.  Persons who have obligations to the debtor are requested not to discharge them to the debtor, but to the insolvency administrator (Section 28 [3] of the InsO).

8.  A committee of creditors will be deployed. It shall have three members:

- **the Federal Employment Agency (BA), represented by the Employment Office, Stuttgart, in turn represented by Ms Melanie Gerber**
  Stuttgarter Strasse 55, 71368 Ludwigsburg
- **Allianz Trade – Euler, Hermes Deutschland, agency of Euler Hermes SA, represented by the holder of general power of attorney and director, attorney at law Thomas Harbrecht**
  Gasstrasse 29, 22761 Hamburg
- **Markus Frankovics**
  Fuchsmühle 1, 73466 Lauchheim

9.  Pursuant to Section 83 of the InsO, the insolvency administrator will be commissioned to effect the services required in the proceedings, beginning with service of the commencement order pursuant to Section 30 of the InsO.

An exception to this is the service of the commencement order on the debtor, which shall be dealt with by the insolvency court.

The public announcements will also be the responsibility of the insolvency court.

10. **N. B.**

Data from insolvency proceedings made public in an electronic information and communication system, including the preliminary insolvency proceedings, will be erased six months at the latest after the termination of the insolvency proceedings or the non-appealability of their suspension (Section 3 [1] Sentence 1 of the Ordinance on Public Announcements in Insolvency Proceedings [InsBekV]).

Other data made public pursuant to the InsO will be erased one month after the

3 IN 219/23

first day of their publication.

# Grounds

The debtor has its general legal venue in the jurisdiction of Aalen Insolvency Court (Section 3 [1] Sentence 1 of the InsO).

The court has established illiquidity of the debtor.

**Advice on legal remedies**

An immediate appeal (hereinafter referred to as an appeal) can be filed against this decision.

By the same token, the debtor or the debtor's creditors (hereinafter: appellant(s)) can file an immediate appeal (hereinafter: appeal) against the decision if their intention in doing so is to complain about the absence of international jurisdiction in the main insolvency proceedings pursuant to Art. 5 (1) of Regulation (EU) 2015/848 (Art. 102c – Section 4 of the Introductory Act to the Insolvency Code [EGInsO]).

The appeal must be filed within a strict statutory time limit of **two weeks** at

> Aalen Local Court
> Stuttgarter Strasse 9
> 73430 Aalen.

That period begins on pronouncement of the decision or – if the decision is not pronounced – when it is served, or on effective public announcement on the Internet pursuant to Section 9 of the InsO (www.insolvenzbekanntmachungen.de). Public announcement will be sufficient as proof of service on all the parties involved, even if the InsO stipulates individual service as well (Section 9 [3]). Public announcement shall be deemed to have been effected as soon as two further days have elapsed since the day of publication (Section 9 [1] Sentence 3 of the InsO). The beginning of the period is determined by the event that occurs first – pronouncement, service or effective public announcement.

The appeal must be submitted in writing or by being put on record at the office of the designated court. It may in fact be put on record at the office of any local court. However, the deadline will only be deemed to have been met if the transcript is received in due time at the court referred to above. Assistance from an attorney is not obligatory.

The appeal must be signed by the appellant or his or her authorised representative.

The petition for review must contain a designation of the decision being challenged and a statement of the fact that an appeal is being filed against it.

A claim for legal remedy may also be filed as an electronic document. Filing by e-mail is not permissible. There is a description of how to submit a document to court electronically at www.ejustice-bw.de

Applications and statements that need to be submitted in writing and are submitted by an attorney, an authority or a legal entity under public law, including associations formed by such an entity for the fulfilment of its public duties, are to be sent as electronic documents. If this is temporarily not possible for technical reasons, transmission as per the

3 IN 219/23

general regulations will continue to be permissible. Evidence of the  cause of such temporary impossibility is to be provided when the substitute transmission is made or immediately thereafter, after which an electronic document is to be submitted on request.

Ziegler-Bastillo
Local Court judge

The correctness and completness of the above translation from the German language are certified.

St. Ingbert, 05/06/2024



Aktenzeichen:
3 IN 219/23



## Amtsgericht Aalen

INSOLVENZGERICHT

# Beschluss

In dem Insolvenzverfahren über das Vermögen d.

Kiener Maschinenbau GmbH, Anton-Grimmer-Str. 2, 73466 Lauchheim, vertreten durch die Geschäftsführer Jürgen Kiener, Stefan Kiener und Waldemar Kiener jun.
Registergericht: Amtsgericht Ulm Registergericht Register-Nr.: HRB 510071
- Schuldnerin -

<u>Verfahrensbevollmächtigter:</u>
Rechtsanwälte Grub Brugger & Partner, RA Dr. Thilo Schultze, Reinsburgstr. 27, 70178 Stuttgart

hat das Amtsgericht Aalen am 01.08.2023 beschlossen:

1. Das Insolvenzverfahren über das Vermögen der Schuldnerin wird wegen Zahlungsunfähigkeit am 01.08.2023 um 08.00 Uhr eröffnet.

2. Zum Insolvenzverwalter wird bestellt:

**Herr Wirtschaftsprüfer Patrick Wahren**
**Bahnhofstraße 41, 89231 Neu-Ulm**
**Telefon: 0731 97018-0**
**Telefax: 0731 97018-650**
**Email: neu-ulm@schneidergeiwitz.de**

3. Die Insolvenzgläubiger werden aufgefordert, Insolvenzforderungen (§ 38 InsO) bis zum **04.09.2023** bei dem Insolvenzverwalter schriftlich anzumelden.

Bei der Anmeldung sind Grund und Betrag der Forderung anzugeben.

Die Tabelle mit den Forderungen und die Anmeldeunterlagen werden spätestens am 11.09.2023 zur Einsicht der Beteiligten auf der Geschäftsstelle des Insolvenzgerichts niedergelegt.

4. Berichtstermin sowie Termin zur Beschlussfassung der Gläubigerversammlung über die eventuelle Wahl eines anderen Insolvenzverwalters, über die Beibehaltung eines Gläubigerausschusses sowie über die in den §§ 66 (Rechnungslegung Insolvenzverwalter), 100 f. (Unterhaltszahlungen aus der Insolvenzmasse), 149 (Anlage von Wertgegenständen), 157 (Stilllegung bzw. Fortführung des Unternehmens, Beauftragung des Insolvenzverwalters mit der Ausarbeitung eines Insolvenzplans, Vorgabe der Zielsetzung des Plans), 160 (Zustimmung zu besonders bedeutsamen Rechtshandlungen des Insolvenzverwalters, insbesondere, wenn das Unternehmen oder ein Betrieb, das Warenlager im Ganzen, ein unbeweglicher Gegenstand aus freier Hand, die Beteiligung des Schuldners an einem anderen Unternehmen, die der Herstellung einer dauernden Verbindung zu diesem Unternehmen dienen soll, oder das Recht auf den Bezug wiederkehrender Einkünfte veräußert werden soll; wenn ein Darlehen aufgenommen werden soll, das die Insolvenzmasse erheblich belasten würde oder wenn ein Rechtsstreit mit erheblichem Streitwert anhängig gemacht oder aufgenommen, die Aufnahme eines solchen Rechtsstreits abgelehnt oder zur Beilegung oder zur Vermeidung eines solchen Rechtsstreits ein Vergleich oder ein Schiedsvertrag geschlossen werden soll), 162 (Betriebsveräußerung an besonders Interessierte), 163 (Betriebsveräußerung unter Wert), 233 (Zustimmung Fortsetzung Verwertung und Verteilung bei Insolvenzplan) und 271 (Beantragung einer Eigenverwaltung) InsO bezeichneten Angelegenheiten wird anberaumt auf

**Montag, 25.09.2023, 09:00 Uhr,**

**Sitzungssaal 0.09, EG, Stuttgarter Straße 9, 73430 Aalen**

Hinweise:
Die Zustimmung zur Vornahme besonders bedeutsamer Rechtshandlungen im Sinne des § 160 InsO gilt als erteilt, wenn die einberufene Gläubigerversammlung beschlussunfähig ist.

5. Prüfungstermin wird anberaumt auf

**Montag, 25.09.2023, 09:00 Uhr,**

**Sitzungssaal 0.09, EG, Stuttgarter Straße 9, 73430 Aalen**

Hinweise:

Gläubiger, deren Forderungen festgestellt werden, erhalten keine Benachrichtigung.

6. Sicherungsrechte an beweglichen Gegenständen oder an Rechten sind dem Insolvenzver-
walter unverzüglich anzuzeigen (§ 28 Abs. 2 InsO).

Der Gegenstand an dem das Sicherungsrecht beansprucht wird, die Art und der Entste-
hungsgrund des Sicherungsrechts sowie die gesicherte Forderung sind zu bezeichnen.
Wer die Mitteilung schuldhaft unterlässt oder verzögert, haftet für den daraus entstehenden
Schaden (§ 28 Abs. 2 InsO).

7. Personen, die Verpflichtungen gegenüber der Schuldnerin haben, werden aufgefordert,
nicht mehr an diese, sondern an den Insolvenzverwalter zu leisten (§ 28 Abs. 3 InsO).

8. Ein Gläubigerausschuss wird eingesetzt. Dieser besteht aus den Mitgliedern

- **Bundesagentur für Arbeit, vertreten durch die Agentur für Arbeit Stuttgart, ver-
  treten durch Frau Melanie Gerber**
  Stuttgarter Str. 55, 71638 Ludwigsburg

- **Allianz Trade - Euler Hermes Deutschland Niederlassung der Euler Hermes
  SA, vertreten durch den Prokuristen und Direktor Herrn Rechtsanwalt Thomas
  Harbrecht**
  Gasstraße 29, 22761 Hamburg

- Herr **Markus Frankovics**
  Fuchsmühle 1, 73466 Lauchheim

9. Der Insolvenzverwalter wird gem. § 8 Abs. 3 InsO beauftragt, die in dem Verfahren vorzu-
nehmenden Zustellungen, beginnend mit der Zustellung des Eröffnungsbeschlusses nach
§ 30 InsO, durchzuführen.

Ausgenommen ist die Zustellung des Eröffnungsbeschlusses an die Schuldnerin; diese er-
folgt durch das Insolvenzgericht.

Die öffentlichen Bekanntmachungen obliegen weiterhin dem Insolvenzgericht.

10. **Hinweis:**

Die in einem elektronischen Informations- und Kommunikationssystem erfolgte Veröffentli-
chung von Daten aus einem Insolvenzverfahren einschließlich des Eröffnungsverfahrens
wird spätestens 6 Monate nach der Aufhebung oder der Rechtskraft der Einstellung des In-
solvenzverfahrens gelöscht, § 3 Abs. 1 Satz 1 InsOBekV.

Sonstige Veröffentlichungen nach der Insolvenzordnung werden einen Monat nach dem

ersten Tag der Veröffentlichung gelöscht.

# Gründe:

Die Schuldnerin hat im Zuständigkeitsbereich des Insolvenzgerichts Aalen ihren allgemeinen Gerichtsstand (§ 3 Abs. 1 Satz 1 InsO).

Nach den Feststellungen des Gerichts ist Zahlungsunfähigkeit gegeben.

### Rechtsbehelfsbelehrung:

Gegen die Entscheidung kann die sofortige Beschwerde (im Folgenden: Beschwerde) eingelegt werden.

Ebenso können der Schuldner oder die Gläubiger des Schuldners (im Folgenden: Beschwerdeführer) gegen die Entscheidung die sofortige Beschwerde (im Folgenden: Beschwerde) einlegen, soweit damit das Fehlen der internationalen Zuständigkeit für die Eröffnung eines Hauptinsolvenzverfahrens nach Artikel 5 Absatz 1 der Verordnung (EU) 2015/848 gerügt werden soll (Artikel 102c - § 4 EGInsO).

Die Beschwerde ist binnen einer Notfrist von **zwei Wochen** bei dem

> Amtsgericht Aalen
> Stuttgarter Straße 9
> 73430 Aalen

einzulegen.

Die Frist beginnt mit der Verkündung der Entscheidung oder, wenn diese nicht verkündet wird, mit deren Zustellung beziehungsweise mit der wirksamen öffentlichen Bekanntmachung gemäß § 9 InsO im Internet (www.insolvenzbekanntmachungen.de). Die öffentliche Bekanntmachung genügt zum Nachweis der Zustellung an alle Beteiligten, auch wenn die InsO neben ihr eine besondere Zustellung vorschreibt, § 9 Abs. 3 InsO. Sie gilt als bewirkt, sobald nach dem Tag der Veröffentlichung zwei weitere Tage verstrichen sind, § 9 Abs. 1 Satz 3 InsO. Für den Fristbeginn ist das zuerst eingetretene Ereignis (Verkündung, Zustellung oder wirksame öffentliche Bekanntmachung) maßgeblich.

Die Beschwerde ist schriftlich einzulegen oder durch Erklärung zu Protokoll der Geschäftsstelle des genannten Gerichts. Sie kann auch vor der Geschäftsstelle jedes Amtsgerichts zu Protokoll erklärt werden; die Frist ist jedoch nur gewahrt, wenn das Protokoll rechtzeitig bei dem oben genannten Gericht eingeht. Eine anwaltliche Mitwirkung ist nicht vorgeschrieben.

Die Beschwerde ist von dem Beschwerdeführer oder seinem Bevollmächtigten zu unterzeichnen.

Die Beschwerdeschrift muss die Bezeichnung der angefochtenen Entscheidung sowie die Erklärung enthalten, dass Beschwerde gegen diese Entscheidung eingelegt werde.

Rechtsbehelfe können auch als elektronisches Dokument eingelegt werden. Eine Einlegung per E-Mail ist nicht zulässig. Wie Sie bei Gericht elektronisch einreichen können, wird auf www.ejustice-bw.de beschrieben.

Schriftlich einzureichende Anträge und Erklärungen, die durch einen Rechtsanwalt, durch eine Behörde oder durch eine juristische Person des öffentlichen Rechts einschließlich der von ihr zu Erfüllung ihrer öffentlichen Aufgaben gebildeten Zusammenschlüsse eingereicht werden, sind als elektronisches Dokument zu übermitteln. Ist dies aus technischen Gründen vorübergehend nicht möglich, bleibt die Übermittlung nach den allge-

meinen Vorschriften zulässig. Die vorübergehende Unmöglichkeit ist bei der Ersatzeinreichung oder unverzüg-
lich danach glaubhaft zu machen; auf Anforderung ist ein elektronisches Dokument nachzureichen.


Ziegler-Bastillo
Richterin am Amtsgericht

## **EXHIBIT B**

***Declaration of Patrick Wahren in Support of Kiener's
Chapter 15 Petition and First Day Pleadings in Foreign Proceeding***

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA**

| In re: | Chapter 15 |
|---|---|
| Kiener Maschinenbau GmbH | Case No. 24-56470 |
| **Debtor in a Foreign Proceeding.** | |

**DECLARATION OF PATRICK WAHREN
IN SUPPORT OF THE DEBTOR'S CHAPTER 15
PETITION AND FIRST-DAY PLEADINGS IN FOREIGN PROCEEDING**

I, Patrick Wahren, hereby declare that the following is true and correct to the best of my knowledge, information, and belief.

1.     I am the German court-appointed and authorized foreign representative (the "Foreign Representative") for the administration of the insolvency estate of Kiener Maschinenbau GmbH ("Kiener" or the "Debtor") which is the subject of an insolvency proceeding pending before the Local Court (*Amtsgericht*) – Insolvency Court (*Insolvenzgericht*) – of Aalen, Federal Republic of Germany (the "German Court") under case number 3 IN 219/23 (the "Kiener Insolvency Proceeding").

2.     On May 16, 2023, Kiener filed for insolvency before the German Court and on the same date, the German Court issued an order with preliminary security

1

measures, including my appointment as the preliminary insolvency administrator (*vorläufiger Insolvenzverwalter*) and a preliminary stay of all enforcement actions against Kiener. *See* **Ex. A**.

3.      On August 1, 2023, the German Court entered an order – the "**Commencement Order**" (*Eröffnungsbeschluss*) – formally commencing the (permanent) German insolvency proceedings over the assets of Kiener and appointing me as the (permanent) insolvency administrator (*Insolvenzverwalter*) for the administration of the Kiener Insolvency Proceeding. *See* **Ex. B**. By effect of the Commencement Order, insolvency creditors may only assert their pre-commencement insolvency claims against the Debtor pursuant to the rules governing German insolvency proceedings. *See* Section 87 of the German Insolvency Code (*Insolvenzordnung*). Any foreclosure action against the assets of the Debtor – the insolvency estate – is stayed and prohibited and any foreclosure effected within one month prior to or since the filing of the insolvency petition is void. See Sections 88 and 89 of the German Insolvency Code. In particular, the Commencement Order interrupts and stays any litigation relating to the insolvency estate of the Debtor until such litigation is resumed pursuant to the rules applicable to insolvency proceedings.

See Section 240 Sentence 1 of the German Code of Civil Procedure (*Zivilprozessordnung*).

4. Contemporaneously with the filing of this declaration, I caused to be filed, on behalf of the Debtor as authorized Foreign Representative of the Debtor, a petition for recognition of the Kiener Insolvency Proceeding in the United States under Chapter 15 of Title 11 of the United States Code (the "Bankruptcy Code"), thereby commencing the Debtor's Chapter 15 case (the "Chapter 15 Case"). I also caused to be filed the *Verified Petition for (I) Recognition of Foreign Main Proceedings, (II) Recognition of Foreign Representative and (III) Related Relief under Chapter 15 of the Bankruptcy Code* (together with the Chapter 15 petition, the "Petition for Recognition") and the *Motion of the Foreign Representative for an Order Granting Certain Provisional Relief* (the "Provisional Relief Motion").

5. This declaration is filed in support of the Petition for Recognition, the Provisional Relief Motion, and other relief requested. I am making this declaration in accordance with Section 1515 of the Bankruptcy Code and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

6. In my role as insolvency administrator, I have generally familiarized myself with the Debtor's history, assets, financial condition, business affairs, and

books and records since my appointment as preliminary insolvency administrator. I am fully aware of, and closely involved in, the financial affairs and overall insolvency proceeding of the Debtor since the Debtor's filing for insolvency. Except as otherwise indicated, all statements in this declaration are based upon my personal knowledge, my review of the Debtor's books and records, relevant documents and other information prepared or filed in connection with the Kiener Insolvency Proceeding and the Chapter 15 Case, information supplied to me by one or more of the Debtor's managing directors (*Geschäftsführer*) or other employees or professionals retained by the Debtor, or my experience and knowledge of the Debtor's financial condition. If called to testify as a witness, I could and would competently testify to each of the facts set forth herein based upon my personal knowledge, review of documents, or opinion.

7.    Kiener operated in Lauchheim, Germany since its foundation in 1980. Kiener's business area is special mechanical engineering with particular expertise in the development and manufacture of automated machines and assembly systems in the fields of assembly, handling and automation technology. The clients or Kiener are the global OEM car manufacturer groups. Projects concerning complex

machines and plants often continue for many months or years and have a value of several million euros.

8.     The Kiener Insolvency Proceeding was caused by major changes in the automotive industry – following a decline of orders already during the Covid-19 crisis –, stricter payment conditions of OEMs, significant problems in the supply chain (price increases, delays), and difficult economic conditions such as a general increase in costs due to high inflation as well as high labor and energy costs. Higher interest rates and lower credit ratings further strained Kiener's liquidity. At the same time, lenders decided to reduce their activities in the automotive and engineering industries creating a shortage of capital.

### A.     Recognition as a Foreign Main Proceeding

9.     I am informed that in order to be recognized as a "foreign main proceeding," a proceeding must be pending in the country where the debtor has its "center of main interests," which I understand to be the functional equivalent of a headquarters, principal place of business or "nerve center". I believe that the Kiener Insolvency Proceeding meets this requirement. As described below, Kiener is headquartered in Germany where all of its executive and strategic functions occur and where its management was located.

10.    Moreover, since the initiation of the Kiener Insolvency Proceedings, the administrative functions and liquidation activities of the Debtor – including the sale of the business of the Debtor by way of an asset sale to the German *Vrades Maschinenbau* company group – have been conducted at Lauchheim and at my offices in Ulm and Stuttgart, Germany. This includes but is not limited to all accounting functions, strategic decision-making, communication functions, sales process, and other key functions of the liquidation activities.

11.    In other words, Lauchheim in Germany (together with Ulm and Stuttgart) is where the Debtors' principal place of business and "nerve center" was located and where all insolvency related matters have been administered, including but not limited to:

a.    The Debtor's headquarters were located and the general supervision and management of the Debtor took place in Germany;

b.    All strategic and operational decisions for the Debtor, including with regards to the liquidation of its assets, occurred in Germany;

c.    All accounting, purchasing and cash management functions for the Debtor occurred in Germany;

d.    The Debtor's accounting, financing and other operational books and records are located in Germany; and

e.    The Debtor's large majority (in terms of number of creditors and in terms of amounts) of creditors – not including the disputed tort liability

6

asserted by the plaintiff in the District Court Litigation (defined below) – are located in Germany.

12.    In sum, the business operations and liquidation of the Debtor are all directed principally from Germany.

13.    Based on these facts, I believe the Kiener Insolvency Proceeding is a "foreign main proceeding" as I have been advised that this term is defined in Bankruptcy Code Sections 101(23) and 1502(4). The Kiener Insolvency Proceeding is pending in German Court and Germany is the "center of main interests" for the Debtor.

**B.    Need for Provisional Relief**

14.    In addition to seeking recognition on a final basis, the Foreign Representative also requests certain provisional relief. Pending recognition of the Kiener Insolvency Proceeding on a final basis, the Foreign Representative seeks provisional relief to enjoin litigation efforts against the Debtor. Specifically, there is litigation pending in the United States District Court, Northern District of Georgia, case style *Phyllis Ann Bass, individually and as Executor of the Estate of Roy Glenn Bass v. LACOM GMBH, Kiener Maschinenbau GMBH, et al.*, Case No. 1:21-cv-00144-VCM (the "District Court Litigation").

15.     This relief is necessary to avoid immediate and irreparable harm to the Debtor as the continuation of the District Court Litigation would cause a delay of the winding up of the Debtor and a depletion of the Debtor's assets. This civil action was initiated on February 6, 2020 by a Complaint seeking damages for alleged product-liability and wrongful-death claims against Kiener and other defendant entities. This action was subsequently removed to the U.S. District Court for the Northern District of Georgia on January 11, 2021. Currently, the parties in the District Court Litigation are in the summary-judgment phase and Daubert-motion phase challenging the retained expert witnesses in preparation for a jury trial. In April 2024, the parties attended a post-discovery mediation. No settlement was reached at the April-2024 mediation, and the District Court Litigation is ongoing. Recently, Kiener's defense counsel received a policy limit demand letter, commonly referred to as a "Holt Demand", from the Plaintiffs in the District Court Litigation, which requires an imminent response and could have adverse consequences in the German Insolvency.  The costs of defending against this civil action are being paid from Kiener's eroding limits insurance policy. As a result, the fees and costs of litigation are reducing the limits of the liability policy available to pay any settlement

or judgment for damages. This, combined with the policy demand, are forcing the Chapter 15 filing and request for provisional relief.

16.    This provisional relief is consistent with the Commencement Order, which, among other things, submits insolvency creditors to the rules for creditor satisfaction in insolvency proceedings under the German Insolvency Code, prohibits and stays foreclosure and interrupts and stays litigation relating to the insolvency estate. *See* Sections 87-89 of the German Insolvency Code and Section 240 of the German Code of Civil Procedure.

17.    For the foregoing reasons, I believe that the provisional relief requested is necessary and appropriate and is in the best interests of the Debtor, its creditors, and other parties in interest.

### C.    Noticing Procedures

18.    As the Foreign Representative, I have also filed a *Motion of Foreign Representative for Order (I) Scheduling Hearing on Verified Petition Under Chapter 15 of The Bankruptcy Code For Recognition of a Foreign Main Proceeding and for Additional Relief and Assistance Under 11 U.S.C. §§ 105(a), 1507, and 1521 and (II) Specifying Form and Manner of Service of Notice of Hearing* (the "Notice Procedures Motion"). I can attest that the plaintiffs in the District Court Litigation

and other parties in interest, all of whom need to be provided with, among other things, notice of the entry of the provisional order, the proposed final order, the recognition objection deadline, and the recognition hearing date. As the Foreign Representative, I have prepared a form of notice advising of these and related matters (the "Recognition Hearing Notice"), a copy of which is annexed to the Notice Procedures Motion.

19.    Under the facts and circumstances of the Debtor's Chapter 15 Case, I submit that service of the Recognition Hearing Notice in the manner proposed in the Notice Procedures Motion will provide those parties identified as the Notice Parties in the Notice Procedures Motion with due and sufficient notice of the relief requested in the Petition for Recognition, the Provisional Relief Motion, and associated objection deadlines and hearing dates.

20.    The Plaintiffs in the District Court Litigation have been informed of the Kiener Insolvency Proceeding. On May 24, 2023, Kiener and LACOM filed a Notice in the District Court stating that the two entities had initiated insolvency proceedings in Germany.

21.    The Plaintiffs filed a claim in the Kiener Insolvency Proceeding on August 23, 2023 asserting a claim against the insolvency estate for €50,000,000.00

(the "<u>Bass Plaintiffs Claim</u>"). I have disputed the Bass Plaintiffs Claim since no judgment has been entered and the District Court Litigation remains in process.

22.    Therefore, I believe that the relief requested in the Notice Procedures Motion is necessary and appropriate and is in the best interest of the Debtor, the Plaintiffs in the District Court Litigation, and other parties in interest.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.


[SIGNATURE APPEARS ON THE FOLLOWING PAGE.]

11

**FURTHER SAYETH DECLARANT NOT.**

Declarant declares under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed, this _____ day of June, 2024.

_____
PATRICK WAHREN

**Exhibit "A"**

Copy

Ref. no.
3 IN 219/23



## Aalen Local Court

INSOLVENCY COURT

# Order

In the proceedings regarding the application by

Kiener Maschinenbau GmbH, as represented by its executive directors Jürgen Kiener, Stefan
Kiener and Waldemar Kiener jun., Anton-Grimmer-Strasse 7, 73466 Lauchheim
Court of registration: Ulm Local Court – Registration Court – Register no. HRB 510071
– the debtor –

Legal representatives
Attorneys at law Grub Brugger & Partner, attorney at law Dr Thilo Schultze, Reinsburgstrasse 27,
70178 Stuttgart

for the commencement of insolvency proceedings regarding its own assets

Aalen Local Court has ordered as follows on 16 May 2023.

In order to forestall disadvantageous changes of situation with regard to the assets of the debtor
in the period leading up to the decision on the application, the court has ordered as follows on
16 May 2023 at 3 p.m. (Sections 21 and 22 of the Insolvency Code [InsO]):

1.   Enforcement measures, including the enforcement of arrest or an interim injunction against
     the debtor shall be barred provided that real property is not involved; any measures that
     have already been initiated shall be discontinued temporarily (Section 21 [2] 3. of the InsO).

2.   The following person will be appointed to be the preliminary insolvency administrator.

     **CPA Patrick Wahren**
     **Bahnhofstrasse 41, 89321 Neu-Ulm**
     **Tel.: 0731 970180, Fax: 0731 97018-650**

- 2 -

3 IN 219/23

**neu-ulm@schneidergeiwitz.de**

Dispositions of the debtor regarding items of its own assets shall only remain effective with the consent of the preliminary insolvency administrator (Section 21 [2] 2. 2. Alternative InsO).

The preliminary insolvency administrator is not the debtor's general representative. His task is to safeguard and preserve the debtor's assets by monitoring the debtor (Section 22 [1] Sentence 2 no. 1 of the InsO). The preliminary insolvency administrator must investigate whether or not the assets of the debtor will cover the costs of the proceedings (Section 22 [1] Sentence 2 no. 3 of the InsO).

The debtor shall be barred from partial and full access to any of its bank accounts and receivables. The power of administration and disposal over the debtor's bank accounts and receivables shall devolve upon the preliminary insolvency administrator. The latter shall be empowered to seize cash at banks and other receivables of the debtor and to receive any money that comes in.

In his function as preliminary insolvency administrator (pursuant to judgements by the Federal Court of Justice dated 7 February 2019, ref. no. IX ZR 47/18 and 24 January 2019, ref. no. IX ZR 110/17), the preliminary insolvency administrator shall be empowered to open separate accounts in the name of the debtor or in his own name and to have such accounts at his disposal.

To that extent, he shall be empowered to create preferential liabilities on the assets involved in the insolvency proceedings for the management of accounts as per Section 55 (2) of the InsO.

The banks that manage accounts of the debtor will be placed under obligation to furnish information to the preliminary insolvency administrator.

The debtor's debtors (garnishees) shall be barred from making payments to the debtor. Paying due heed to this order, they are requested to make any payments to the preliminary insolvency administrator only (Section 23 [1] Sentence 3 of the InsO).

Pursuant to Section 8 (3) of the InsO, the preliminary insolvency administrator will be commissioned to effect the service of the order on the debtor's debtors (Section 23 [1] Sentence 2 of the InsO) and to furnish proof of having done so.

3 IN 219/23

The preliminary insolvency administrator shall have the right to enter the business premises and operational facilities of the debtor, including the adjoining rooms, and to pursue investigations there. The debtor shall allow him to inspect the books and business documents and shall hand them over to him on request until such time as a decision is made regarding the opening of the proceedings. The debtor shall furnish him with all and any information such as may be necessary to the safeguarding of the future insolvency estate and clarification of the circumstances regarding the debtor's assets.

As an expert, the preliminary insolvency administrator shall also be commissioned with investigating whether or not there is a significant reason for commencing proceedings in view of the debtor's legal form and what the prospects are for a continuation of the indebted company.

N. B.

Data made public in an electronic information and communication system will be stored there for at least as long as the order remains effective. If proceedings are commenced the data will be erased six months at the latest after the termination of the proceedings or the non-appealability of their suspension (Section 3 [1] Sentence 1 of the Ordinance on Public Announcements in Insolvency Proceedings [InsBekV]). If proceedings are not commenced, they will be erased six months at the latest after the discontinuance of the safeguarding measure made public (Section 3 [1] Sentence 2 of the InsBekV).

**Advice on legal remedies**

An immediate appeal (hereinafter referred to as an appeal) can be filed against this decision.

The appeal is to be filed within a strict statutory time limit of **two weeks** at

> Aalen Local Court
> Stuttgarter Strasse 9
> 73430 Aalen.

That period begins on pronouncement of the decision or – if the decision is not pronounced – when it is served, or on effective public announcement on the Internet pursuant to Section 9 of the InsO (www.insolvenzbekanntmachungen.de). Public announcement will be sufficient as proof of service upon all parties involved, even if the InsO stipulates individual service as well (Section 9 [3]). Public announcement shall be deemed to have been effected as soon as two further days have elapsed since the day of publication (Section 9 [1] Sentence 3 of the InsO). The beginning of the period is determined by the event that occurs first – pronouncement, service or effective public announcement.

The appeal must be submitted in writing or by being put on record at the office of the designated court. It may in fact be put on record at the office of any local court. However, the deadline will only be deemed to have been met if the transcript is received in due time at the court referred to above. Assistance from an attorney is not obligatory.

The appeal must be signed by the appellant or his or her authorised representative.

The petition for review must specify the decision being challenged and contain a statement to the effect that an appeal is being filed against it.

3 IN 219/23

By the same token, the debtor or the debtor's creditors can file an immediate appeal against the decision if their intention in doing so is to complain about the absence of international jurisdiction in the preliminary proceedings of main insolvency proceedings pursuant to Art. 5 (1) of Regulation (EU) 2015/848 (Art. 102c – Section 4 of the Introductory Act to the Insolvency Code [EGInsO]).

A claim for legal remedy may also be filed as an electronic document. Filing by e-mail is not permissible. There is a description of how to submit a document to court electronically at www.ejustice-bw.de

Applications and statements that need to be submitted in writing and are submitted by an attorney, an authority or a legal entity under public law, including associations formed by such an entity for the fulfilment of its public duties, are to be sent as electronic documents. If this is temporarily not possible for technical reasons, transmission as per the general regulations will continue to be permissible. Evidence of the cause of such temporary impossibility is to be provided when the substitute transmission is made or immediately thereafter, after which an electronic document is to be submitted on request.

Ziegler-Bastillo
Local Court judge

The correctness and completeness of the above translation from the German language are certified

St. Ingbert, 05/06/2024



Aktenzeichen:
3 IN 219/23



## Amtsgericht Aalen

INSOLVENZGERICHT

# Beschluss

In dem Verfahren über den Antrag d.

Kiener Maschinenbau GmbH, vertreten durch die Geschäftsführer Jürgen Kiener, Stefan Kiener
und Waldemar Kiener jun., Anton-Grimmer-Str. 2, 73466 Lauchheim
Registergericht: Amtsgericht Ulm Registergericht Register-Nr.: HRB 510071
- Schuldnerin -

Verfahrensbevollmächtigte:
Rechtsanwälte Grub Brugger & Partner, RA Dr. Thilo Schultze, Reinsburgstr. 27, 70178 Stuttgart

auf Eröffnung des Insolvenzverfahrens über das eigene Vermögen

hat das Amtsgericht Aalen am 16.05.2023 beschlossen:

Zur Verhinderung nachteiliger Veränderungen in der Vermögenslage der Schuldnerin bis zur Ent-
scheidung über den Antrag wird am 16.05.2023 um 15:00 Uhr angeordnet (§§ 21, 22 InsO):

1.   Maßnahmen der Zwangsvollstreckung einschließlich der Vollziehung eines Arrestes oder
     einer einstweiligen Verfügung gegen die Schuldnerin werden untersagt, soweit nicht unbe-
     wegliche Gegenstände betroffen sind; bereits begonnene Maßnahmen werden einstweilen
     eingestellt (§ 21 Abs. 2 Nr. 3 InsO).

2.   Zum vorläufigen Insolvenzverwalter wird

     **Herr Wirtschaftsprüfer Patrick Wahren**

     **Bahnhofstraße 41, 89231 Neu-Ulm**

     **Telefon: 0731 97018-0, Fax: 0731 97018-650**

**neu-ulm@schneidergeiwitz.de**

bestellt.

Verfügungen der Schuldnerin über Gegenstände des schuldnerischen Vermögens sind nur noch mit Zustimmung des vorläufigen Insolvenzverwalters wirksam (§ 21 Abs. 2 Nr. 2  2. Alternative InsO).

Der vorläufige Insolvenzverwalter ist nicht der allgemeine Vertreter der Schuldnerin. Er hat die Aufgabe, durch Überwachung der Schuldnerin deren Vermögen zu sichern und zu erhalten (§ 22 Abs. 1 Satz 2 Nr. 1 InsO). Der vorläufige Insolvenzverwalter hat zu prüfen, ob das Vermögen der Schuldnerin die Kosten des Verfahrens decken wird (§ 22 Abs. 1 Satz 2 Nr. 3 InsO).

Der Schuldnerin wird verboten, über Bankkonten und über Außenstände der Schuldnerin ganz oder teilweise zu verfügen. Hinsichtlich der Bankkonten und der Außenstände der Schuldnerin geht die Verwaltungs- und Verfügungsbefugnis auf den vorläufigen Insolvenzverwalter über. Der vorläufige Insolvenzverwalter wird ermächtigt, Bankguthaben und sonstige Forderungen der Schuldnerin einzuziehen sowie eingehende Gelder entgegenzunehmen.

Der vorläufige Insolvenzverwalter wird ermächtigt, auf den Namen der Schuldnerin oder auf seinen Namen in der Funktion als vorläufiger Insolvenzverwalter Sonderkonten (gemäß Urteilen des Bundesgerichtshofes vom 07.02.2019, Az. IX ZR 47/18 und vom 24.01.2019, Az. IX ZR 110/17) zu eröffnen und auch über diese Konten zu verfügen.

Er wird insoweit ermächtigt, für die Kontoführung Masseverbindlichkeiten i. S. v. § 55 Abs. 2 InsO zu begründen.

Die Konten der Schuldnerin führenden Kreditinstitute werden dem vorläufigen Insolvenzverwalter gegenüber zur Auskunftserteilung verpflichtet.

Den Schuldnern der Schuldnerin (Drittschuldnern) wird verboten, an die Schuldnerin zu zahlen. Sie werden aufgefordert, Leistungen unter Beachtung dieser Anordnung nur noch an den vorläufigen Insolvenzverwalter zu leisten (§ 23 Abs. 1 Satz 3 InsO).

Gem. § 8 Abs. 3 InsO wird der vorläufige Insolvenzverwalter beauftragt, die Zustellungen des Beschlusses an die Schuldner der Schuldnerin vorzunehmen (§ 23 Abs. 1 Satz 2 InsO) und hierüber Nachweis zu führen.

Der vorläufige Insolvenzverwalter ist berechtigt, die Geschäftsräume und betrieblichen Einrichtungen der Schuldnerin einschließlich der Nebenräume zu betreten und dort Nachforschungen anzustellen. Die Schuldnerin hat ihm Einsicht in die Bücher und Geschäftspapiere zu gestatten und sie diesem auf Verlangen bis zur Entscheidung über die Eröffnung des Verfahrens herauszugeben. Sie hat ihm alle Auskünfte zu erteilen, die zur Sicherung der künftigen Insolvenzmasse und zur Aufklärung der schuldnerischen Vermögensverhältnisse erforderlich sind.

Der vorläufige Insolvenzverwalter wird zugleich beauftragt, als Sachverständiger zu prüfen, ob ein nach der Rechtsform der Schuldnerin maßgeblicher Eröffnungsgrund vorliegt und welche Aussichten für eine Fortführung des schuldnerischen Unternehmens bestehen.

Hinweis:
Die in einem elektronischen Informations- und Kommunikationssystem erfolgte Veröffentlichung wird dort mindestens für die Dauer der Wirksamkeit der Anordnung gespeichert. Im Falle der Eröffnung erfolgt eine Löschung spätestens sechs Monate nach der Aufhebung oder der Rechtskraft der Einstellung des Verfahrens (§ 3 Abs. 1 S. 1 InsOBekV); falls nicht eröffnet wird, erfolgt eine Löschung spätestens sechs Monate nach Aufhebung der veröffentlichten Sicherungsmaßnahme (§ 3 Abs. 1 S. 2 InsOBekV).


**Rechtsbehelfsbelehrung:**


Gegen die Entscheidung kann die sofortige Beschwerde (im Folgenden: Beschwerde) eingelegt werden.

Die Beschwerde ist binnen einer Notfrist von **zwei Wochen** bei dem

> Amtsgericht Aalen
> Stuttgarter Straße 9
> 73430 Aalen

einzulegen.

Die Frist beginnt mit der Verkündung der Entscheidung oder, wenn diese nicht verkündet wird, mit deren Zustellung beziehungsweise mit der wirksamen öffentlichen Bekanntmachung gemäß § 9 InsO im Internet (www.insolvenzbekanntmachungen.de). Die öffentliche Bekanntmachung genügt zum Nachweis der Zustellung an alle Beteiligten, auch wenn die InsO neben ihr eine besondere Zustellung vorschreibt, § 9 Abs. 3 InsO. Sie gilt als bewirkt, sobald nach dem Tag der Veröffentlichung zwei weitere Tage verstrichen sind, § 9 Abs. 1 Satz 3 InsO. Für den Fristbeginn ist das zuerst eingetretene Ereignis (Verkündung, Zustellung oder wirksame öffentliche Bekanntmachung) maßgeblich.

Die Beschwerde ist schriftlich einzulegen oder durch Erklärung zu Protokoll der Geschäftsstelle des genannten Gerichts. Sie kann auch vor der Geschäftsstelle jedes Amtsgerichts zu Protokoll erklärt werden; die Frist ist jedoch nur gewahrt, wenn das Protokoll rechtzeitig bei dem oben genannten Gerichte eingeht. Eine anwaltliche Mitwirkung ist nicht vorgeschrieben.

Die Beschwerde ist von dem Beschwerdeführer oder seinem Bevollmächtigten zu unterzeichnen.

Die Beschwerdeschrift muss die Bezeichnung der angefochtenen Entscheidung sowie die Erklärung enthalten, dass Beschwerde gegen diese Entscheidung eingelegt werde.

Gegen die Entscheidung können der Schuldner oder die Gläubiger des Schuldners in gleicher Weise die sofortige Beschwerde einlegen, soweit damit das Fehlen der internationalen Zuständigkeit im Eröffnungsverfahren eines Hauptinsolvenzverfahrens nach Artikel 5 Absatz 1 der Verordnung (EU) 2015/848 gerügt werden soll (Artikel 102c - § 4 EGInsO).

Rechtsbehelfe können auch als elektronisches Dokument eingelegt werden. Eine Einlegung per E-Mail ist nicht zulässig. Wie Sie bei Gericht elektronisch einreichen können, wird auf www.ejustice-bw.de beschrieben.

Schriftlich einzureichende Anträge und Erklärungen, die durch einen Rechtsanwalt, durch eine Behörde oder durch eine juristische Person des öffentlichen Rechts einschließlich der von ihr zu Erfüllung ihrer öffentlichen Aufgaben gebildeten Zusammenschlüsse eingereicht werden, sind als elektronisches Dokument zu übermitteln. Ist dies aus technischen Gründen vorübergehend nicht möglich, bleibt die Übermittlung nach den allgemeinen Vorschriften zulässig. Die vorübergehende Unmöglichkeit ist bei der Ersatzeinreichung oder unverzüglich danach glaubhaft zu machen; auf Anforderung ist ein elektronisches Dokument nachzureichen.

Ziegler-Bastillo
Richterin am Amtsgericht

**Exhibit "B"**

Copy

Ref. no.
3 IN 219/23



## Aalen Local Court

INSOLVENCY COURT

# **Order**

In the insolvency proceedings regarding the assets of

Kiener Maschinenbau GmbH, Anton-Grimmer-Strasse 2, 73466 Lauchheim, as represented by its executive directors Jürgen Kiener, Stefan Kiener and Waldemar Kiener jun.
Court of registration: Ulm Local Court – Registration Court – Register no. HRB 510071
– the debtor –

Legal representatives
Attorneys at law Grub Brugger & Partner, attorney at law Dr. Thilo Schultze, Reinsburgstrasse 27, 70178 Stuttgart

Aalen Local Court has ordered as follows on 1 August 2023.

1.  Insolvency proceedings are hereby commenced regarding the assets of the debtor by reason of illiquidity  at 8 a.m. on 1 August 2023.

2.  The following person is appointed to be the insolvency administrator:

**CPA Patrick Wahren**
**Bahnhofstrasse 41, 89231 Neu-Ulm**
**Tel.: 0731 97018-0**
**Fax: 0731 97018-650**
**E-mail: neu-ulm@schneidergeiwitz.de**

3.  The insolvency creditors are requested to notify the insolvency administrator of any claims (Section 38 of the Insolvency Code [InsO]) in writing by **4 September 2023**.

    The amount of a given claim and the reason for it must be stated in any such notification.

- 3 -

3 IN 219/23

The table listing the claims and the notification documents are to be deposited at the office of the insolvency court by 11 September 2023 at the latest for inspection by the parties involved.

4. The reporting date, i.e. the date for the passing of a resolution at the creditors' assembly as to the possible election of another insolvency administrator, as to the continuance of a committee of creditors and as to the matters described in Sections 66 (presentation of accounts by the insolvency administrator), 100 f. (maintenance payments out of the insolvency estate), 149 (investments of valuables), 157 (closure or continuation of an enterprise, commissioning of the insolvency administrator with the drawing up of an insolvency plan, specification of the aims of the plan), 160 (consent to legal acts of particular importance of the insolvency administrator, especially if there is an intention to sell an enterprise or factory, the entire stock, real property by private sale, a holding of the debtor in another enterprise such as is intended to create a permanent affiliation to said enterprise or an entitlement to receive recurring earnings; if a loan is to be taken up such as would place a considerable burden on the insolvency estate, or if a legal dispute with a considerable value in dispute is instituted or commenced, if the bringing of such action is refused or if there is a move to negotiate a compromise or conclude an arbitration agreement in order to settle or avoid any such action), 162 (disposal of business operations to parties with a special interest), 163 (disposal of business operations below value), 233 (consent to continuation of realisation and distribution under the insolvency plan), and 271 (application for self-administration) of the InsO is hereby set for

**Monday, 25 September 2023, 9 a.m.**

**Courtroom 0.09, ground floor, Stuttgarter Strasse 9, 73430 Aalen**

N. B.
Consent to the performance of a legal act of particular importance as per Section 160 of the InsO shall be deemed to have been given if there is no quorum at the duly convoked creditors' assembly.

5. The date for examination is set for:

**Monday, 25 September 2023, 9 a.m.**

**Courtroom 0.09, ground floor, Stuttgarter Strasse 9, 73430 Aalen**

N. B.
Creditors whose claims have been established will not receive notification.

3 IN 219/23

6.   The insolvency administrator is to be informed without delay of any security interests relating to movable objects or rights (Section 28 [2] of the InsO).

The object in respect of which the security interest is being claimed, its nature and the reason for it, and the secured claim must all be described. Anyone failing to provide such information or culpably delaying its provision shall be liable for any loss or damage resulting therefrom (Section 28 [2] of the InsO).

7.   Persons who have obligations to the debtor are requested not to discharge them to the debtor, but to the insolvency administrator (Section 28 [3] of the InsO).

8.   A committee of creditors will be deployed. It shall have three members:

- **the Federal Employment Agency (BA), represented by the Employment Office, Stuttgart, in turn represented by Ms Melanie Gerber**
  Stuttgarter Strasse 55, 71368 Ludwigsburg
- **Allianz Trade – Euler, Hermes Deutschland, agency of Euler Hermes SA, represented by the holder of general power of attorney and director, attorney at law Thomas Harbrecht**
  Gasstrasse 29, 22761 Hamburg
- **Markus Frankovics**
  Fuchsmühle 1, 73466 Lauchheim

9.   Pursuant to Section 83 of the InsO, the insolvency administrator will be commissioned to effect the services required in the proceedings, beginning with service of the commencement order pursuant to Section 30 of the InsO.

An exception to this is the service of the commencement order on the debtor, which shall be dealt with by the insolvency court.

The public announcements will also be the responsibility of the insolvency court.

10.   **N. B.**

Data from insolvency proceedings made public in an electronic information and communication system, including the preliminary insolvency proceedings, will be erased six months at the latest after the termination of the insolvency proceedings or the non-appealability of their suspension (Section 3 [1] Sentence 1 of the Ordinance on Public Announcements in Insolvency Proceedings [InsBekV]).

Other data made public pursuant to the InsO will be erased one month after the

3 IN 219/23

first day of their publication.

# Grounds

The debtor has its general legal venue in the jurisdiction of Aalen Insolvency Court (Section 3 [1] Sentence 1 of the InsO).

The court has established illiquidity of the debtor.

**Advice on legal remedies**

An immediate appeal (hereinafter referred to as an appeal) can be filed against this decision.

By the same token, the debtor or the debtor's creditors (hereinafter: appellant(s)) can file an immediate appeal (hereinafter: appeal) against the decision if their intention in doing so is to complain about the absence of international jurisdiction in the main insolvency proceedings pursuant to Art. 5 (1) of Regulation (EU) 2015/848 (Art. 102c – Section 4 of the Introductory Act to the Insolvency Code [EGInsO]).

The appeal must be filed within a strict statutory time limit of **two weeks** at

Aalen Local Court
Stuttgarter Strasse 9
73430 Aalen.

That period begins on pronouncement of the decision or – if the decision is not pronounced – when it is served, or on effective public announcement on the Internet pursuant to Section 9 of the InsO (www.insolvenzbekanntmachungen.de). Public announcement will be sufficient as proof of service on all the parties involved, even if the InsO stipulates individual service as well (Section 9 [3]). Public announcement shall be deemed to have been effected as soon as two further days have elapsed since the day of publication (Section 9 [1] Sentence 3 of the InsO). The beginning of the period is determined by the event that occurs first – pronouncement, service or effective public announcement.

The appeal must be submitted in writing or by being put on record at the office of the designated court. It may in fact be put on record at the office of any local court. However, the deadline will only be deemed to have been met if the transcript is received in due time at the court referred to above. Assistance from an attorney is not obligatory.

The appeal must be signed by the appellant or his or her authorised representative.

The petition for review must contain a designation of the decision being challenged and a statement of the fact that an appeal is being filed against it.

A claim for legal remedy may also be filed as an electronic document. Filing by e-mail is not permissible. There is a description of how to submit a document to court electronically at www.ejustice-bw.de

Applications and statements that need to be submitted in writing and are submitted by an attorney, an authority or a legal entity under public law, including associations formed by such an entity for the fulfilment of its public duties, are to be sent as electronic documents. If this is temporarily not possible for technical reasons, transmission as per the

3 IN 219/23

general regulations will continue to be permissible. Evidence of the cause of such temporary impossibility is to be provided when the substitute transmission is made or immediately thereafter, after which an electronic document is to be submitted on request.


Ziegler-Bastillo
Local Court judge


The correctness and completness of the above translation from the German language are certified.

St. Ingbert, 05/06/2024



Aktenzeichen:
3 IN 219/23



## Amtsgericht Aalen

INSOLVENZGERICHT

# Beschluss

In dem Insolvenzverfahren über das Vermögen d.

Kiener Maschinenbau GmbH, Anton-Grimmer-Str. 2, 73466 Lauchheim, vertreten durch die Geschäftsführer Jürgen Kiener, Stefan Kiener und Waldemar Kiener jun.
Registergericht: Amtsgericht Ulm Registergericht Register-Nr.: HRB 510071
- Schuldnerin -

<u>Verfahrensbevollmächtigter:</u>
Rechtsanwälte Grub Brugger & Partner, RA Dr. Thilo Schultze, Reinsburgstr. 27, 70178 Stuttgart

hat das Amtsgericht Aalen am 01.08.2023 beschlossen:

1.     Das Insolvenzverfahren über das Vermögen der Schuldnerin wird wegen Zahlungsunfähigkeit am 01.08.2023 um 08.00 Uhr eröffnet.

2.     Zum Insolvenzverwalter wird bestellt:

**Herr Wirtschaftsprüfer Patrick Wahren**
**Bahnhofstraße 41, 89231 Neu-Ulm**
**Telefon: 0731 97018-0**
**Telefax: 0731 97018-650**
**Email: neu-ulm@schneidergeiwitz.de**

3.     Die Insolvenzgläubiger werden aufgefordert, Insolvenzforderungen (§ 38 InsO) bis zum **04.09.2023** bei dem Insolvenzverwalter schriftlich anzumelden.

Bei der Anmeldung sind Grund und Betrag der Forderung anzugeben.

Die Tabelle mit den Forderungen und die Anmeldeunterlagen werden spätestens am 11.09.2023 zur Einsicht der Beteiligten auf der Geschäftsstelle des Insolvenzgerichts niedergelegt.

4.    Berichtstermin sowie Termin zur Beschlussfassung der Gläubigerversammlung über die eventuelle Wahl eines anderen Insolvenzverwalters, über die Beibehaltung eines Gläubigerausschusses sowie über die in den §§ 66 (Rechnungslegung Insolvenzverwalter), 100 f. (Unterhaltszahlungen aus der Insolvenzmasse), 149 (Anlage von Wertgegenständen), 157 (Stilllegung bzw. Fortführung des Unternehmens, Beauftragung des Insolvenzverwalters mit der Ausarbeitung eines Insolvenzplans, Vorgabe der Zielsetzung des Plans), 160 (Zustimmung zu besonders bedeutsamen Rechtshandlungen des Insolvenzverwalters, insbesondere, wenn das Unternehmen oder ein Betrieb, das Warenlager im Ganzen, ein unbeweglicher Gegenstand aus freier Hand, die Beteiligung des Schuldners an einem anderen Unternehmen, die der Herstellung einer dauernden Verbindung zu diesem Unternehmen dienen soll, oder das Recht auf den Bezug wiederkehrender Einkünfte veräußert werden soll; wenn ein Darlehen aufgenommen werden soll, das die Insolvenzmasse erheblich belasten würde oder wenn ein Rechtsstreit mit erheblichem Streitwert anhängig gemacht oder aufgenommen, die Aufnahme eines solchen Rechtsstreits abgelehnt oder zur Beilegung oder zur Vermeidung eines solchen Rechtsstreits ein Vergleich oder ein Schiedsvertrag geschlossen werden soll), 162 (Betriebsveräußerung an besonders Interessierte), 163 (Betriebsveräußerung unter Wert), 233 (Zustimmung Fortsetzung Verwertung und Verteilung bei Insolvenzplan) und 271 (Beantragung einer Eigenverwaltung) InsO bezeichneten Angelegenheiten wird anberaumt auf

**Montag, 25.09.2023, 09:00 Uhr,**

**Sitzungssaal 0.09, EG, Stuttgarter Straße 9, 73430 Aalen**

Hinweise:
Die Zustimmung zur Vornahme besonders bedeutsamer Rechtshandlungen im Sinne des § 160 InsO gilt als erteilt, wenn die einberufene Gläubigerversammlung beschlussunfähig ist.

5.    Prüfungstermin wird anberaumt auf

**Montag, 25.09.2023, 09:00 Uhr,**

**Sitzungssaal 0.09, EG, Stuttgarter Straße 9, 73430 Aalen**

Hinweise:

Gläubiger, deren Forderungen festgestellt werden, erhalten keine Benachrichtigung.

6.   Sicherungsrechte an beweglichen Gegenständen oder an Rechten sind dem Insolvenzver-
walter unverzüglich anzuzeigen (§ 28 Abs. 2 InsO).

Der Gegenstand an dem das Sicherungsrecht beansprucht wird, die Art und der Entste-
hungsgrund des Sicherungsrechts sowie die gesicherte Forderung sind zu bezeichnen.
Wer die Mitteilung schuldhaft unterlässt oder verzögert, haftet für den daraus entstehenden
Schaden (§ 28 Abs. 2 InsO).

7.   Personen, die Verpflichtungen gegenüber der Schuldnerin haben, werden aufgefordert,
nicht mehr an diese, sondern an den Insolvenzverwalter zu leisten (§ 28 Abs. 3 InsO).

8.   Ein Gläubigerausschuss wird eingesetzt. Dieser besteht aus den Mitgliedern

- **Bundesagentur für Arbeit, vertreten durch die Agentur für Arbeit Stuttgart, ver-
treten durch Frau Melanie Gerber**
Stuttgarter Str. 55, 71638 Ludwigsburg

- **Allianz Trade - Euler Hermes Deutschland Niederlassung der Euler Hermes
SA, vertreten durch den Prokuristen und Direktor Herrn Rechtsanwalt Thomas
Harbrecht**
Gasstraße 29, 22761 Hamburg

- Herr **Markus Frankovics**
Fuchsmühle 1, 73466 Lauchheim

9.   Der Insolvenzverwalter wird gem. § 8 Abs. 3 InsO beauftragt, die in dem Verfahren vorzu-
nehmenden Zustellungen, beginnend mit der Zustellung des Eröffnungsbeschlusses nach
§ 30 InsO, durchzuführen.

Ausgenommen ist die Zustellung des Eröffnungsbeschlusses an die Schuldnerin; diese er-
folgt durch das Insolvenzgericht.

Die öffentlichen Bekanntmachungen obliegen weiterhin dem Insolvenzgericht.

10.   **Hinweis:**

Die in einem elektronischen Informations- und Kommunikationssystem erfolgte Veröffentli-
chung von Daten aus einem Insolvenzverfahren einschließlich des Eröffnungsverfahrens
wird spätestens 6 Monate nach der Aufhebung oder der Rechtskraft der Einstellung des In-
solvenzverfahrens gelöscht, § 3 Abs. 1 Satz 1 InsOBekV.

Sonstige Veröffentlichungen nach der Insolvenzordnung werden einen Monat nach dem

ersten Tag der Veröffentlichung gelöscht.

# Gründe:

Die Schuldnerin hat im Zuständigkeitsbereich des Insolvenzgerichts Aalen ihren allgemeinen Gerichtsstand (§ 3 Abs. 1 Satz 1 InsO).

Nach den Feststellungen des Gerichts ist Zahlungsunfähigkeit gegeben.

### Rechtsbehelfsbelehrung:

Gegen die Entscheidung kann die sofortige Beschwerde (im Folgenden: Beschwerde) eingelegt werden.

Ebenso können der Schuldner oder die Gläubiger des Schuldners (im Folgenden: Beschwerdeführer) gegen die Entscheidung die sofortige Beschwerde (im Folgenden: Beschwerde) einlegen, soweit damit das Fehlen der internationalen Zuständigkeit für die Eröffnung eines Hauptinsolvenzverfahrens nach Artikel 5 Absatz 1 der Verordnung (EU) 2015/848 gerügt werden soll (Artikel 102c - § 4 EGInsO).

Die Beschwerde ist binnen einer Notfrist von **zwei Wochen** bei dem

> Amtsgericht Aalen
> Stuttgarter Straße 9
> 73430 Aalen

einzulegen.

Die Frist beginnt mit der Verkündung der Entscheidung oder, wenn diese nicht verkündet wird, mit deren Zustellung beziehungsweise mit der wirksamen öffentlichen Bekanntmachung gemäß § 9 InsO im Internet (www.insolvenzbekanntmachungen.de). Die öffentliche Bekanntmachung genügt zum Nachweis der Zustellung an alle Beteiligten, auch wenn die InsO neben ihr eine besondere Zustellung vorschreibt, § 9 Abs. 3 InsO. Sie gilt als bewirkt, sobald nach dem Tag der Veröffentlichung zwei weitere Tage verstrichen sind, § 9 Abs. 1 Satz 3 InsO. Für den Fristbeginn ist das zuerst eingetretene Ereignis (Verkündung, Zustellung oder wirksame öffentliche Bekanntmachung) maßgeblich.

Die Beschwerde ist schriftlich einzulegen oder durch Erklärung zu Protokoll der Geschäftsstelle des genannten Gerichts. Sie kann auch vor der Geschäftsstelle jedes Amtsgerichts zu Protokoll erklärt werden; die Frist ist jedoch nur gewahrt, wenn das Protokoll rechtzeitig bei dem oben genannten Gericht eingeht. Eine anwaltliche Mitwirkung ist nicht vorgeschrieben.

Die Beschwerde ist von dem Beschwerdeführer oder seinem Bevollmächtigten zu unterzeichnen.

Die Beschwerdeschrift muss die Bezeichnung der angefochtenen Entscheidung sowie die Erklärung enthalten, dass Beschwerde gegen diese Entscheidung eingelegt werde.

Rechtsbehelfe können auch als elektronisches Dokument eingelegt werden. Eine Einlegung per E-Mail ist nicht zulässig. Wie Sie bei Gericht elektronisch einreichen können, wird auf www.ejustice-bw.de beschrieben.

Schriftlich einzureichende Anträge und Erklärungen, die durch einen Rechtsanwalt, durch eine Behörde oder durch eine juristische Person des öffentlichen Rechts einschließlich der von ihr zu Erfüllung ihrer öffentlichen Aufgaben gebildeten Zusammenschlüsse eingereicht werden, sind als elektronisches Dokument zu übermitteln. Ist dies aus technischen Gründen vorübergehend nicht möglich, bleibt die Übermittlung nach den allge-

3 IN 219/23

meinen Vorschriften zulässig. Die vorübergehende Unmöglichkeit ist bei der Ersatzeinreichung oder unverzüglich danach glaubhaft zu machen; auf Anforderung ist ein elektronisches Dokument nachzureichen.

Ziegler-Bastillo
Richterin am Amtsgericht

# EXHIBIT C

**Declaration of Foreign Expert in Support of Kiener's
Chapter 15 Petition and First Day Pleadings in Foreign Proceeding**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA**

| In re: | **Chapter 15** |
|---|---|
| Kiener Maschinenbau GmbH | Case No. 24-56470 |
| **Debtor in a Foreign Proceeding.** | |

**DECLARATION OF FOREIGN EXPERT IN SUPPORT OF THE
DEBTOR'S CHAPTER 15 PETITION AND FIRST-DAY PLEADINGS IN
FOREIGN PROCEEDING**

I, Dr. H. Philipp Esser, hereby declare that the following is true and correct to the best of my knowledge, information, and belief.

1.      I am a partner at the law firm of Schultze & Braun GmbH Rechtsanwaltsgesellschaft ("S&B") in the Achern, Germany, office, and am a member of the Restructuring and Insolvency Practice Group. S&B is one of Germany's largest law firms specialized primarily in insolvency administration and in providing legal advice in restructuring and insolvency law. S&B has over thirty offices across Germany and four additional offices in France and Italy.

2.      I am admitted to practice as an attorney in Germany and have been practicing in the field of restructuring and insolvency law since 2009. I am also admitted to the bar of the State of New York.

3.      Prior to joining S&B, I studied law at the Universities of Tübingen and Leipzig, and I obtained two doctorate degrees (similar to J.D. and Ph.D.) from the Law Faculty of the University of Leipzig and a Master of Law from the University of Chicago Law School in the United States.

4.      I have extensive experience advising companies and insolvency administrators in distressed situations and insolvency proceedings. I specialize in all aspects of insolvency proceedings, with particular focus in cross-border matters, mainly involving Germany and the United States. I am the head of S&B's International Practice Group and of S&B's US Desk.

5.      I have experience with all aspects of German insolvency law and related laws and regulations governing Germany-based entities.

6.      I have authored numerous articles in specialist publications on a range of topics related to corporate and cross-border restructuring and insolvency and am an associate editor of the *American Bankruptcy Institute Journal*. Because of the breadth of my practice and because of prior involvement in various chapter 15

proceedings, I am generally familiar with the provisions of Chapter 15 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (the "<u>Bankruptcy Code</u>").

7.    I was previously retained in other chapter 15 cases by insolvency administrators in their capacity as foreign representatives of foreign debtors before the United States Bankruptcy Courts to opine whether a German proceeding qualified as foreign proceedings under the Bankruptcy Code. *See In re Solar Millennium AG*, Ch. 15 Case No. 12-11722 (Bankr. Del. 2012); *In re Arzberg Porzellan GmbH*, Ch. 15 Case No. 13-44255 (Bankr. E.D. Mo. 2013); *In re Miachael Schramm*, Ch. 15 Case No. 14-12343 (Bankr. M.D. Fla. 2014); *FC Windenergy GmbH*, Ch. 15 Case No. 16-10056 (Bankr. Del. 2016); *In re Condor Flugdienst GmbH*, Ch. 15 Case No. 20-18167 (Bankr. N.D. Ill. 2020).

8.    In this chapter 15 case, I have been retained by Patrick Wahren, in his capacity as the court-appointed insolvency administrator over the assets of and duly authorized foreign representative (the "<u>Foreign Representative</u>") for   Kiener Maschinenbau GmbH ("<u>Kiener</u>" or the "<u>Foreign Debtor</u>"), which is the subject of an insolvency proceeding commenced under the German Insolvency Code (*Insolvenzordnung*) (the "<u>GIC</u>") pending before the Local Court (*Amtsgericht*) –

Insolvency Court (*Insolvenzgericht*) – of Aalen, Federal Republic of Germany (the

"German Court") under file no. 3 IN 219/23  (the "Kiener Insolvency Proceeding").

9. Accordingly, I submit this Declaration in support of the *Verified*

*Petition for (I) Recognition of Foreign Main Proceeding, (II) Recognition of Foreign*

*Representative and (III) Related Relief under Chapter 15 of the Bankruptcy Code*

(together with the Chapter 15 petition, the "Petition for Recognition"); and the

*Motion of the Foreign Representative for an Order Granting Certain Provisional*

*Relief* (the "Provisional Relief Motion")[1].

## A.   The German Insolvency Code, Generally

10. The GIC sets out a court process that addresses the insolvency and the

adjustment of debts for the purposes of liquidation or reorganization. The GIC

provides for a collective, nondiscriminatory process for the satisfaction of debt on a

pro rata basis. It includes processes for liquidation through the sale of debtor's

business or asset stripping and ultimate pro rata distribution of the proceeds obtained

therefrom to the debtor's creditors (which is the focus of this Declaration), but also

a framework for restructuring a debtor's business (which is not relevant for purposes

---

[1] Capitalized terms used but not defined in this Declaration have the same meaning
given to them in the Petition for Recognition and Provisional Relief Motion.

of this Chapter 15 case). The relevant provisions of the GIC and the German Code of Civil Procedure, translated into English are attached hereto as **Ex. A**.

11.    Under the GIC, an insolvency proceeding begins with the filing of an insolvency petition and the preliminary insolvency proceedings, thereafter the insolvency court commences the permanent insolvency proceedings. These proceedings are subject to the jurisdiction and supervision of the German insolvency court that has jurisdiction over all claims against the debtor's assets.

**B.    The Appointment of the Insolvency Administrator**

12.    Under section 80 of the GIC, following the Commencement Order, a duly appointed insolvency administrator is vested with the power to administer the assets of the insolvency estate (*Insolvenzmasse*) of a debtor and to dispose of any of the assets contained in the debtor's insolvency estate. The insolvency administrator is appointed by the German insolvency court. The insolvency administrator is the sole person entitled to act with effect for the debtor with respect to all matters regarding the insolvency estate. Consistent with the GIC, the Commencement Order prohibits and stays foreclosure and interrupts and stays litigation relating to the insolvency estate. *See* Sections 87-89 of the GIC and Section 240 of the German Code of Civil Procedure (*Zivilprozessordnung*).

13.    As in the instant case, an insolvency administrator is responsible for, among other things:

(a)    Identifying the assets of the debtor worldwide, safeguarding these assets, managing the administering the insolvency estate, seeking and accepting payment due to the debtor and disposing of the debtor's assets under section 80 of the GIC;

(b)    Immediately assuming possession and management of the assets belonging to the insolvency estate under section 148 of GIC:

(c)    Establishing a list of the individual assets belonging to the insolvency estate under section 151 of the GIC;

(d)    Setting up a list of all debtor's creditors, which is usually established on the basis of the debtor's books and records, or other information obtained from the debtor or otherwise under section 152 of the GIC;

(e)    Assembling a balance sheet or a similar overview showing the debtor's assets and liabilities under section 153 of the GIC; and

(f)    Disposing of the debtor's assets in an effort to maximize value for distribution, exercising all rights to contest legal acts undertaken to the detriment of the insolvency estate and defending the insolvency estate against unjustified claims.

14.    The GIC mandates that the insolvency administrator periodically report in writing to the German insolvency court on the financial status of the debtor and on the progress of the German insolvency proceeding. The insolvency administrator's respective reports become part of the file with the German insolvency court, which is available for inspection by any of the debtor's creditors.

**C.    The German Proceeding Claims Process and Distribution**

15.    All creditors are entitled to file their claims in the same way and, as a general rule, with the same rights. No creditor will be prejudiced because it is foreign-based, and all creditors are subject to same procedures and requirements as local creditors. Notice of the opening of the insolvency proceeding is given by a German insolvency court by publication on the centralized webpage of the judiciary system: www.insolvenzbekanntmachungen.de.

16.    Under the GIC, the German insolvency court does not set a bar date for filing claims against the insolvency estate; and, instead, claims may be filed up until the final distribution of the debtor's assets to its creditors. The final distribution of assets usually occurs in accordance with a distribution list, in which all claims are listed and considered for the distribution of the assets realized. This list is deposited with the German insolvency court for inspection. Any creditor that has filed a claim has a right to inspect that list. The court-appointed insolvency administrator determines the aggregate amount of claims against the debtor and the aggregate amount available for distribution. If there is a dispute as to the amount or validity of any claim, a declaratory judgment action must be commenced.

17.    Under sections 188, sentence 3, and 9(1) of the GIC, the insolvency administrator deposits the distribution list with the German Court and the German Court makes the distribution list available for inspection at the court offices and publishes a notice hereon on the website www.insolvenzbekanntmachungen.de. In accordance with section 9(1) of the GIC, any announcements on the aforementioned website are deemed to have been made two days after their publication. Any creditor whose claim is not listed in the table of claims and who does not produce sufficient documentation or a final court judgment evidencing the justification of their claim must submit evidence to the insolvency administrator for a determination of the validity of any such claim. Such evidence must be submitted within two weeks after the public announcement that the distribution list has been deposited with the German insolvency court. If such evidence is timely submitted, the claim of such creditor will be considered on a preliminary basis, with a payment on such claim withheld until a proceeding in the civil court has determined the validity of the creditor's claim. If such evidence is not timely submitted, the respective claim will not be considered for a distribution from the debtor's assets.

18.    Under these rules, it is in the best interest of creditors to file their claims as early as possible in order to have them registered and acknowledged in the table

of claims. Failure to promptly file a claim does not establish an absolute bar to claims against the debtor. Rather, any creditor can file its claim against the debtor and have its claim considered under section 188 and 189 of the GIC, as described above. The only date which could be considered a "bar date" would be the expiration of the two-week period after the publication by the German insolvency court of the distribution list.

19.    In general, the GIC has priority and equality of distribution provisions like the Bankruptcy Code. The insolvency administrator of the bankrupt company liquidates the assets of the bankrupt company and, after all assets of the estate are liquidated and claims against the bankrupt company are determined, the proceeds of these assets are distributed to creditors of the bankrupt company according to a priority scheme. As a general matter, the GIC provides for equal treatment of all creditors with similarly situated claims and does not favor or provide special treatment for creditors based on their residence, whether they are from Germany, the European Union, or the European Economic Area or any other area of the world. The GIC further respects the priority of creditor's liens and security interests. In addition, administrative claims (court fees and the insolvency administration's fees) are paid in full before general unsecured creditors are paid.

**D.     The Chapter 15 Pleadings**

20.     The Foreign Representative has filed certain pleadings and proposed orders and respectfully requests that the Court consider entering the proposed orders granting such requested relief. I have reviewed each of the motions and proposed orders (including any exhibits or declarations thereto) and the facts set forth there are true and correct to the best of my knowledge, information, and belief. Chief among such pleadings is the Petition for Recognition, seeking recognition of the German insolvency proceeding, and the Provisional Relief Motion.

21.     It is my belief that the recognition of the German insolvency proceeding as a foreign main proceeding is fully warranted and would not be manifestly contrary to the public policy of the United States. To the contrary, such recognition would further the very purpose of chapter 15 of the Bankruptcy Code as it would avail the Foreign Representative of the relief available under the Bankruptcy Code to stay the District Court Litigation and seek resolution of this civil action in the German insolvency proceeding.

[SIGNATURE APPEARS ON THE FOLLOWING PAGE.]

**FURTHER SAYETH DECLARANT NOT.**

Declarant declares under penalty of perjury pursuant to 28 U.S.C. § 1746 that

the foregoing is true and correct.

Executed, this *20* day of June, 2024.

_____

H. PHILIPP ESSER

## EXHIBIT "A"

### Insolvenzordnung / German Insolvency Code – InsO

| | |
|---|---|
| **§ 9** | **Section 9** |
| **Öffentliche Bekanntmachung** | **Public Announcements** |

(1) Die öffentliche Bekanntmachung erfolgt durch eine zentrale und länderübergreifende Veröffentlichung im Internet; diese kann auszugsweise geschehen. Dabei ist der Schuldner genau zu bezeichnen, insbesondere sind seine Anschrift und sein Geschäftszweig anzugeben. Die Bekanntmachung gilt als bewirkt, sobald nach dem Tag der Veröffentlichung zwei weitere Tage verstrichen sind.

(1) Public announcements are made by means of centralized, national publication on the internet; publication may be made in extract form. The announcement shall accurately identify the debtor, stating in particular its address and line of business; it shall be deemed to have been made when a further two days have elapsed since the day of publication.

(2) Das Insolvenzgericht kann weitere Veröffentlichungen veranlassen, soweit dies landesrechtlich bestimmt ist. Das Bundesministerium der Justiz und für Verbraucherschutz wird ermächtigt, durch Rechtsverordnung mit Zustimmung des Bundesrates die Einzelheiten der zentralen und länderübergreifenden Veröffentlichung im Internet zu regeln. Dabei sind insbesondere Löschungsfristen vorzusehen sowie Vorschriften, die sicherstellen, dass die Veröffentlichungen

(2) The insolvency court may decide on additional publications if Federal State legislation makes provision for this. The Federal Ministry of Justice and Consumer Protection is authorized to regulate the details of the centralized, national publication on the internet by statutory order issued with the approval of the Bundesrat. This shall, in particular, stipulate time limits for deletion and provisions ensuring that publications

1. unversehrt, vollständig und aktuell bleiben,

1. are not tampered with and are complete and up-to-date;

2. jederzeit ihrem Ursprung nach zugeordnet werden können.

2. can be traced to their source at any time.

(3) Die öffentliche Bekanntmachung genügt zum Nachweis der Zustellung an alle Beteiligten, auch wenn dieses Gesetz neben ihr eine besondere Zustellung vorschreibt.

(3) Public announcement shall suffice as proof of service on all parties to the proceedings even if this Code prescribes separate service in addition.

| | |
|---|---|
| **§ 80** | **Section 80** |
| **Übergang des Verwaltungs- und Verfügungsrechts** | **Transfer of Right of Management and Right of Disposal** |

1

(1) Durch die Eröffnung des Insolvenzverfahrens geht das Recht des Schuldners, das zur Insolvenzmasse gehörende Vermögen zu verwalten und über es zu verfügen, auf den Insolvenzverwalter über.

(2) Ein gegen den Schuldner bestehendes Veräußerungsverbot, das nur den Schutz bestimmter Personen bezweckt (§§ 135, 136 des Bürgerlichen Gesetzbuchs), hat im Verfahren keine Wirkung. Die Vorschriften über die Wirkungen einer Pfändung oder einer Beschlagnahme im Wege der Zwangsvollstreckung bleiben unberührt.

(1) As a result of commencement of insolvency proceedings the right of the debtor to manage and dispose of the assets of the insolvency estate vests in the insolvency administrator.

(2) An existing prohibition of disposal imposed on the debtor that is only intended to protect particular persons (sections 135 and 136 of the Civil Code [Bürgerliches Gesetzbuch]) is of no effect in the proceedings. The provisions regulating the effects of an attachment or a seizure by way of compulsory enforcement remain unaffected.

## § 87

### Forderungen der Insolvenzgläubiger

Die Insolvenzgläubiger können ihre Forderungen nur nach den Vorschriften über das Insolvenzverfahren verfolgen.

## Section 87

### Claims of the Insolvency Creditors

The insolvency creditors may only pursue their claims in accordance with the provisions governing insolvency proceedings.

## § 88

### Vollstreckung vor Verfahrenseröffnung

(1) Hat ein Insolvenzgläubiger im letzten Monat vor dem Antrag auf Eröffnung des Insolvenzverfahrens oder nach diesem Antrag durch Zwangsvollstreckung eine Sicherung an dem zur Insolvenzmasse gehörenden Vermögen des Schuldners erlangt, so wird diese Sicherung mit der Eröffnung des Verfahrens unwirksam.

(2) Die in Absatz 1 genannte Frist beträgt drei Monate, wenn ein Verbraucherinsolvenzverfahren nach § 304 eröffnet wird.

## Section 88

### Enforcement Prior to Commencement of Insolvency Proceedings

(1) If an insolvency creditor has obtained a security over the debtor's assets which constitute the insolvency estate during the month prior to the application for commencement of insolvency proceedings or after the application has been lodged by compulsory enforcement, this security becomes ineffective when insolvency proceedings are commenced.

(2) The period specified in subsection (1) amounts to three months if consumer insolvency proceedings pursuant to section 304 are commenced.

2

## § 89

### Vollstreckungsverbot

(1)  Zwangsvollstreckungen für einzelne Insolvenzgläubiger sind während der Dauer des Insolvenzverfahrens weder in die Insolvenzmasse noch in das sonstige Vermögen des Schuldners zulässig.

(2)  Zwangsvollstreckungen in künftige Forderungen auf Bezüge aus einem Dienstverhältnis des Schuldners oder an deren Stelle tretende laufende Bezüge sind während der Dauer des Verfahrens auch für Gläubiger unzulässig, die keine Insolvenzgläubiger sind. Dies gilt nicht für die Zwangsvollstreckung wegen eines Unterhaltsanspruchs oder einer Forderung aus einer vorsätzlichen unerlaubten Handlung in den Teil der Bezüge, der für andere Gläubiger nicht pfändbar ist.

(3) Über Einwendungen, die auf Grund des Absatzes 1 oder 2 gegen die Zulässigkeit einer Zwangsvollstreckung erhoben werden, entscheidet das Insolvenzgericht. Das Gericht kann vor der Entscheidung eine einstweilige Anordnung erlassen; es kann insbesondere anordnen, daß die Zwangsvollstreckung gegen oder ohne Sicherheitsleistung einstweilen einzustellen oder nur gegen Sicherheitsleistung fortzusetzen sei.

## Section 89

### Prohibition of Enforcement

(1) During insolvency proceedings compulsory enforcement on behalf of individual insolvency creditors is not permitted against the insolvency estate or the other assets of the debtor.

(2) During insolvency proceedings compulsory enforcement against future claims to emoluments due to the debtor under a service contract, or to recurring emoluments replacing them, is not permitted, including on behalf of creditors who are not insolvency creditors. This does not apply to compulsory enforcement for a maintenance claim or for a claim based on an intentional tort against the part of the emoluments which is not subject to attachment on behalf of other creditors.

(3) The insolvency court shall decide on any objections raised against the admissibility of compulsory enforcement on the basis of subsections (1) and (2). The court may issue an interim order prior to its decision; it may, in particular, order the temporary suspension of compulsory enforcement with or without the condition of provision of security or that compulsory enforcement may only be continued subject to the provision of security.

## § 148

### Übernahme der Insolvenzmasse

(1) Nach der Eröffnung des Insolvenzverfahrens hat der Insolvenzverwalter das gesamte zur Insolvenzmasse gehörende Vermögen sofort in Besitz und Verwaltung zu nehmen.

(2)  Der Verwalter kann auf Grund einer vollstreckbaren Ausfertigung des Eröffnungsbeschlusses die Herausgabe der

## Section 148

### Taking Charge of the Insolvency Estate

(1) After commencement of the insolvency proceedings the insolvency administrator shall immediately assume possession and management of all the assets belonging to the insolvency estate.

(2) The administrator may enforce the surrender of property in the debtor's custody on the basis of an enforceable execution copy of the order

3

Sachen, die sich im Gewahrsam des Schuldners befinden, im Wege der Zwangsvollstreckung durchsetzen. § 766 der Zivilprozessordnung gilt mit der Maßgabe, dass an die Stelle des Vollstreckungsgerichts das Insolvenzgericht tritt.

commencing proceedings by way of compulsory enforcement. Section 766 of the Code of Civil Procedure [Zivilprozessordnung] applies subject to the proviso that the insolvency court takes the place of the court of enforcement.

## §151

### Verzeichnis der Massegegenstände

(1) Der Insolvenzverwalter hat ein Verzeichnis der einzelnen Gegenstände der Insolvenzmasse aufzustellen. Der Schuldner ist hinzuzuziehen, wenn dies ohne eine nachteilige Verzögerung möglich ist.

(2) Bei jedem Gegenstand ist dessen Wert anzugeben. Hängt der Wert davon ab, ob das Unternehmen fortgeführt oder stillgelegt wird, sind beide Werte anzugeben. Besonders schwierige Bewertungen können einem Sachverständigen übertragen werden.

(3) Auf Antrag des Verwalters kann das Insolvenzgericht gestatten, dass die Aufstellung des Verzeichnisses unterbleibt; der Antrag ist zu begründen. Ist ein Gläubigerausschuss bestellt, so kann der Verwalter den Antrag nur mit Zustimmung des Gläubigerausschusses stellen.

## Section 151

### List of Assets of the Insolvency Estate

(1) The insolvency administrator shall draw up a list of the individual assets belonging to the insolvency estate. The debtor shall be consulted, if this is possible without prejudicial delay.

(2) The value of each asset shall be stated. If the value depends on whether the enterprise continues to operate or is closed down, both values shall be stated. Valuations that are particularly difficult to assess may be passed to an expert.

(3) On application by the administrator the insolvency court may waive the drawing up of the list; the application must state the grounds on which it is based. If a creditors' committee is appointed, the administrator may submit the application only with the consent of the creditors' committee.

## § 152

### Gläubigerverzeichnis

(1) Der Insolvenzverwalter hat ein Verzeichnis aller Gläubiger des Schuldners aufzustellen, die ihm aus den Büchern und Geschäftspapieren des Schuldners, durch sonstige Angaben des Schuldners, durch die Anmeldung ihrer Forderungen oder auf andere Weise bekannt geworden sind.

(2) In dem Verzeichnis sind die absonderungsberechtigten Gläubiger und die einzelnen Rangklassen der nachrangigen Insolvenzgläubiger gesondert aufzuführen. Bei jedem Gläubiger sind die Anschrift sowie der Grund und der Betrag seiner Forderung anzugeben. Bei den absonderungsberechtigten

## Section 152

### List of Creditors

(1) The insolvency administrator shall draw up a list of all the debtor's creditors ascertained by him/ her from the debtor's books and business records, from other information from the debtor, through the filing of their claims or in any other way.

(2) The list shall record the creditors entitled to separate satisfaction and the individual ranking categories of the subordinated insolvency creditors separately. The creditor's address and the basis and the amount of the creditor's claim shall be stated in each case. In the case of the creditors entitled to separate satisfaction, the

4

Gläubigern sind zusätzlich der Gegenstand, an dem das Absonderungsrecht besteht, und die Höhe des mutmaßlichen Ausfalls zu bezeichnen; § 151 Abs. 2 Satz 2 gilt entsprechend.

(3) Weiter ist anzugeben, welche Möglichkeiten der Aufrechnung bestehen. Die Höhe der Masseverbindlichkeiten im Falle einer zügigen Verwertung des Vermögens des Schuldners ist zu schätzen.

asset subject to the right of separate satisfaction and the amount of the probable shortfall shall also be indicated; section 151 (2) sentence 2 applies with the necessary modifications.

(3) The list shall further indicate the possibilities which exist for set-off. The amount of the preferential liabilities in the event of a prompt realisation of the debtor's assets shall be estimated.

## § 153

### Vermögensübersicht

(1) Der Insolvenzverwalter hat auf den Zeitpunkt der Eröffnung des Insolvenzverfahrens eine geordnete Übersicht aufzustellen, in der die Gegenstände der Insolvenzmasse und die Verbindlichkeiten des Schuldners aufgeführt und einander gegenübergestellt werden. Für die Bewertung der Gegenstände gilt § 151 Abs. 2 entsprechend, für die Gliederung der Verbindlichkeiten § 152 Abs. 2 Satz 1.

(2) Nach der Aufstellung der Vermögensübersicht kann das Insolvenzgericht auf Antrag des Verwalters oder eines Gläubigers dem Schuldner aufgeben, die Vollständigkeit der Vermögensübersicht eidesstattlich zu versichern. Die §§ 98, 101 Abs. 1 Satz 1, 2 gelten entsprechend.

## Section 153

### Statement of Assets and Liabilities

(1) The insolvency administrator shall draw up a structured overview as of the date of commencement of the insolvency proceedings listing and comparing the assets of the insolvency estate and the debtor's liabilities. Section 151 (2) applies with the necessary modifications to the valuation of the assets; section 151 (2) sentence 1 applies with the necessary modifications to the classification of the liabilities.

(2) After the statement of assets and liabilities has been drawn up, on application by the insolvency administrator or a creditor the insolvency court may order the debtor to affirm the completeness of the statement of assets and liabilities by affidavit. Sections 98 and 101 (1) sentences 1 and 2 apply with the necessary modifications.

## § 188

### Verteilungsverzeichnis

Vor einer Verteilung hat der Insolvenzverwalter ein Verzeichnis der Forderungen aufzustellen, die bei der Verteilung zu berücksichtigen sind. Das Verzeichnis ist auf der Geschäftsstelle zur Einsicht der Beteiligten niederzulegen. Der Verwalter zeigt dem Gericht die Summe der Forderungen und den für die Verteilung verfügbaren Betrag aus der Insolvenzmasse an; das Gericht hat die angezeigte Summe der Forderungen und den für die Verteilung verfügbaren Betrag öffentlich bekannt zu machen.

## Section 188

### Distribution Schedule

Prior to each distribution the insolvency administrator shall draw up a schedule of the claims to be included in the distribution. The schedule shall be deposited in the court registry for the parties' inspection. The insolvency administrator shall notify the court of the total amount of the claims and the amount available for distribution from the insolvency estate; the court shall publish the notified total amount of the claims and the amount available for distribution.

5

### § 189

#### Berücksichtigung bestrittener Forderungen

(1) Ein Insolvenzgläubiger, dessen Forderung nicht festgestellt ist und für dessen Forderung ein vollstreckbarer Titel oder ein Endurteil nicht vorliegt, hat spätestens innerhalb einer Ausschlussfrist von zwei Wochen nach der öffentlichen Bekanntmachung dem Insolvenzverwalter nachzuweisen, dass und für welchen Betrag die Feststellungsklage erhoben oder das Verfahren in dem früher anhängigen Rechtsstreit aufgenommen ist.

(2) Wird der Nachweis rechtzeitig geführt, so wird der auf die Forderung entfallende Anteil bei der Verteilung zurückbehalten, solange der Rechtsstreit anhängig ist.

(3) Wird der Nachweis nicht rechtzeitig geführt, so wird die Forderung bei der Verteilung nicht berücksichtigt.

### Section 189

#### Consideration of Disputed Claims

(1) An insolvency creditor whose claim has not been accepted and in respect of whose claim no enforceable title or final judgment exists must prove to the insolvency administrator, at the latest within a time limit of two weeks from the date of the publication by the court, that an action for declaratory judgment has been raised together with the amount of such claim, or that proceedings in an earlier pending case have been resumed.

(2) If the appropriate proof is provided within the specified time, the share apportioned to the claim shall be withheld from distribution while the action is pending.

(3) If the appropriate proof is not provided within the specified time, the claim shall not be taken into consideration when the distribution is made.

## Zivilprozessordnung / Code of Civil Procedure – ZPO

### § 240

#### Unterbrechung durch Insolvenzverfahren

Im Falle der Eröffnung des Insolvenzverfahrens über das Vermögen einer Partei wird das Verfahren, wenn es die Insolvenzmasse betrifft, unterbrochen, bis es nach den für das Insolvenzverfahren geltenden Vorschriften aufgenommen oder das Insolvenzverfahren beendet wird. Entsprechendes gilt, wenn die Verwaltungs- und Verfügungsbefugnis über das Vermögen des Schuldners auf einen vorläufigen Insolvenzverwalter übergeht.

### Section 240

#### Interruption due to insolvency proceedings

In the event of insolvency proceedings being opened against a party, the proceedings shall be interrupted to the extent they concern the insolvent estate until they can be resumed in accordance with the rules applying to the insolvency proceedings, or until the insolvency proceedings are terminated. The same shall apply if the authority to manage the debtor's assets and the power to dispose over them devolves upon a preliminary insolvency administrator.

6

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA**

| In re: | Chapter 15 |
|---|---|
| Kiener Maschinenbau GmbH | Case No. 24-56470 |
| **Debtor in a Foreign Proceeding.** | |

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing *Notice of Filing of (I) Order Appointing Permanent Administrator, (Ii) Declaration of Patrick Wahren in Support of the Debtor's Chapter 15 Petition and First-Day Pleadings in Foreign Proceeding, and (III) Declaration of Foreign Expert* has been prepared in Times New Roman, 14-point font, in conformance with Local Rule 5.1C.

This 21st day of June, 2024.

**JONES & WALDEN LLC**

*/s/ Cameron M. McCord*
Cameron M. McCord
Georgia Bar No. 143065
Adam Ekbom
Georgia Bar No. 919724
Attorneys for Debtor
699 Piedmont Ave NE
Atlanta, Georgia 30308
(678) 701-9235
cmccord@joneswalden.com
aekbom@joneswalden.com

*Counsel for Debtor and Foreign Representative*